Ckaham, Judge,
delivered the opinion of the court:
It is alleged in the petition that during the year 1918 the plaintiff, who was secretary of V. Lopez & Co. (Inc.), owned one share of stock of said company; his brother, Virgil J. Lopez, who was president, treasurer, and superintendent, and manager of the company, owned one share of stock, and the remaining 358 shares were owned by Mrs. Aimee C. Lopez, mother of the plaintiff and said Virgil J. Lopez. Mrs. Aimee C. Lopez was vice president and assistant general manager of said company but was not actively engaged in the affairs of the company, the plaintiff and his brother having complete charge of the business. The averments of the petition are vague. The principal one is as follows:
“ In its income and excess-profits tax return for 1918, V. Lopez & Company, Inc.,_ reported as expense certain salary paid to the plaintiff. Upon the audit of the income and excess-profits tax return of V. Lopez & Company, Inc., the Treasury Department, under date of February 12, 1921, advised V. Lopez & Company, Inc., that it disallowed a Eortion of the salary paid to the plaintiff and to Virgil J. iopez and Aimee C. Lopez. As a consequence of the disal-lowance of such salary as expense, V. Lopez & Company, Inc., was compelled to pay and did pay on July 18, 1921, an additional tax of $4,758.95, which represented an additional *233 tax of $4,799.73 for 1918, less an overpayment of $40.78 for 1917. Plaintiff paid the tax December 17, 1919.”
The petition avers that in due course plaintiff filed with the Commissioner of Internal Revenue a claim for refund of $713.52, which, it is alleged, “ was a portion of the tax paid in accordance with plaintiff’s original individual return, on the ground that the amount disallowed as a salary deduction on the return of V. Lopez & Co. (Inc.), had been treated as a dividend by the officials auditing the corporation’s return,” and that “ therefore the normal tax on $5,946.00, which was the share of the taxpayer’s salary disallowed as a deduction to the corporation, should not bear normal tax in computing the tax paid by the plaintiff in accordance with section 216 of the revenue act of 1918.” Under date of December 20, 1922, the commissioner denied plaintiff’s claim for refund. The plaintiff sues to recover $713.52, with interest from December 17,1919.
From the foregoing it will be observed that the petition does not state the amount of salary received by plaintiff. It does not set out the date on which plaintiff filed his claim for refund, and it fails to recite any facts which would explain how the sum of $713.52 claimed was arrived at. However, there seems to be enough in the facts to reach a conclusion on the law.
The petition states that V. Lopez & Co. (Inc.), paid the additional tax assessed on July 18, 1921, so it is fair to-assume that some time after that date the plaintiff filed his claim for refund. His claim was denied on December 20, 1922. The plaintiff paid his tax on December 17, 1919. The petition was filed on December 11,1925. It will thus be seen that the petition was filed more than two years after the denial of the claim for refund, and more than five years after the tax was paid.
Section 3226 of the Revised Statutes, as amended by the-act of June 2, 1924 (ch. 234, sec. 1014, 43 Stat. 253, 343),. provides:
“ No suit * * * shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected * * * until a claim for refund or credit has been duly filed with. *234 the Commissioner of Internal Revenue * * *. No such suit * * * shall be begun * * * after the expiration of five years from the date of the payment of such tax * * * unless such suit * * * is begun within two years after the disallowance of the part of such claim to which such suit * * * relates.”
The language of this statute is plain. The principles involved in the application of it to the facts in this case are set out in the case of George M. Hayner v. United States, No. E-600, decided May 10, 1926, ante, p. 189.
The demurrer is sustained and the petition dismissed.
Hat, Judge; Downex, Judge; Booth, Judge; and Campbell, Chief Justice, concur.